Jacob Markowitz, J.
Plaintiff herein, a factor, sues defendant, a warehousing company, for refusing to deliver certain property which plaintiff claims it is entitled to pursuant to a duly filed factor’s lien on inventory to secure loans made to the Color Electronics Corporation (Personal Property Law, § 45). Defendant’s refusal is based on its assertion of a warehouse lien of $1,749.50, and the nonpayment of a $13,000 loan made by it to Color Electronics. A warehouseman’s lien, however, extends only to lawful charges and claims for storage and preservation of the goods, for advances of money, interest, insurance, transportation, labor, weighing, coopering and other charges and expenses in relation to such goods, and reasonable charges and expenses for the sale of the goods and incidentals thereto in the event of default in satisfying the lien (General Business Law, § 112). It does not extend to private loan arrangements unrelated to the purposes of storage and preservation of specific goods (Schwab v. Oatman, 56 Misc. 393, revd. on other grounds 198 N. Y. 545). Therefore, except for the actual warehousing charges, defendant’s claim against Color Electronics is subordinate to plaintiff’s lien. Accordingly, plaintiff’s motion for summary judgment is granted, the amount of judgment to be determined by assessment at which time defendant’s warehouseman’s lien will also be assessed with proper credit given.